JONES v. DOTY et al.

(Court of Civil Appeals of Texas. San Antonio. March 18, 1914.)

1. APPEAL AND ERROR (§ 569*)—STATEMENT OF FACTS—AUTHENTICATION.

The facts can be presented to an appellate court only by a full statement of facts agreed to and approved by the judge, or by a brief statement of the case and of the facts proven, approved and signed by the judge, and an agreed statement, not approved by the court or referred to in the bill of exceptions, cannot be considered in connection with the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

2. APPEAL AND ERROR (§ 1032*)—HARMLESS ERROR.

A judgment will not be reversed because of the manner of choosing the jury, or because the court failed to formally present the charge to counsel before the arguments, where appellant did not claim that he was thereby injured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

Appeal from Val Verde County Court; C. K. McDowell, Judge.

Action by W. H. Doty and another against T. B. Jones, executor. Judgment for plaintiffs, and defendant appeals. Affirmed.

John Foster and Phil B. Foster, both of Del Rio, for appellant. Jones & Thurmond, of Del Rio, for appellees.

FLY, C. J. Appellees, W. H. Doty and George H. Garrett, who are physicians, instituted this suit against appellant, executor of the estate of O. P. Boger, to recover on an account of $500 for medical services rendered to said O. P. Boger. Appellant answered by general demurrer, general denial, attacked the account as excessive and unjust, and claimed that it should not exceed $60. The cause was tried by jury and resulted in a verdict and judgment for $375.

[1] There is no statement of facts accompanying the record. There are two agreed statements copied into the record, one bearing upon the fact that the judge did not submit his charge to counsel for appellant before the argument began, and the other as to the jury commissioners and the manner of selecting the jurors to try the cause. The desire is to have the statements of facts considered in connection with the bill of exceptions which was taken in regard to the manner of choosing the jury. The court approved the bill of exceptions, but did not approve either of the agreed statements. There is no reference in the bill of exceptions to an agreed statement of facts bearing upon the bill of exceptions. Neither of the agreed statements can be considered by this court because neither has been approved by the trial judge. Facts can be presented to an appellate court in only two ways; that is, by a full statement of facts agreed to and approved by the judge, or by a brief statement of the case and of facts proven, approved, and signed by the judge. The agreement of counsel standing alone cannot give any validity to a statement of facts. If the statement as to the jury had been made a part of the bill of exceptions, which was approved by the judge, it could be considered, but it is not mentioned in the bill of exceptions, and was separately filed.

[2] The matters complained of, even if sustained by facts, present mere abstractions. It is not claimed that appellant sustained any injury from the manner of choosing the jury, or from not having the charge formally presented to him before the argument began. Appellant admits in his brief that he "can point out no apparent error" from which he has suffered. Before a party can obtain a reversal, from this court, he must show that the error of which complaint is made probably injuriously affected his rights. The day for reversals upon abstractions and mere technicalities has happily passed, but even under the old system in Texas such objection to juries as are found in this case, unsupported by facts showing probable injury, would not cause a reversal. Caldwell Co. v. Harbert, 68 Tex. 321, 4 S. W. 607.

The judgment is affirmed.